LUCY HART ABBOT & others *vs.* COMMISSIONERS OF THE COUNTY OF DUKES COUNTY. June 15, 1970. Owners of property near the airport seek by mandamus to restrain the commissioners (as such and as members of the Martha's Vineyard Airport Commission) from acquiring any land or easement within the Martha's Vineyard State Forest for extending runway approach zones or from cutting trees within the State Forest, until authorized to do so by specific legislation. Upon stipulated facts and reported evidence a Superior Court judge ordered that the writ issue subject to the proviso that it "shall not . . . restrict . . . the respondents . . . in the exercise of rights granted by" a 1957 "avigation easement" and a 1964 deed. The 1957 easement over land in the State Forest, executed by the then Commissioner of Natural Resources, was recorded. There is no evidence that this was executed after public hearing and with the approval of the Governor and Council. See G. L. c. 132, § 34A (as amended through St. 1950, c. 574). The 1964 transaction was approved

---

[1] Dorothy Aries & others *vs.* Michael J. Marzec & another.

"in compliance with . . . § 34A." The judge correctly ruled that no statute relied on (§ 34A, and G. L. c. 21, § 4A, inserted by St. 1953, c. 631, § 1, c. 90, § 51I, as amended through St. 1947, c. 593, § 2, and c. 90, § 51J, inserted by St. 1946, c. 613, § 1) is "explicit enough" to authorize this inconsistent public use (under the 1957 easement and 1964 deed) of State Forest land. The case is governed by *Robbins* v. *Department of Pub. Works*, 355 Mass. 328, and by *Brookline* v. *Metropolitan Dist. Commn. ante*, 435. See *Gould* v. *Greylock Reservation Commn.* 350 Mass. 410. The writ was properly issued, but the proviso should not have been included. There was no implied legislative consent to the proposed new public use, which was inconsistent with the existing public use. Cf. *Commonwealth* v. *Massachusetts Turnpike Authy.* 349 Mass. 1, 4. See the *Robbins* case, *supra*, at p. 330. The proviso is to be omitted from the order for judgment, but judgment is not to be entered under that order until such time as the Superior Court may fix as appropriate to allow opportunity for seeking legislative action. As so modified the order for judgment is affirmed.

*So ordered.*

The case was submitted on briefs.
*Robert J. Muldoon, Jr.*, for the petitioners.
*Marshall Simonds & Donald N. Sweeney* for the respondents.